# /IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**THERESA DEGRUY, ADMINISTRATRIX OF**
**THE ESTATE OF MARTHA JAMES, DECEASED**            **PLAINTIFF**

**V.**            **CIVIL ACTION NO.: 4:12-CV-00025-SA-JMV**

**DR. TARENCE E. WADE**
**AND DR. DENNIS WAYNE AUST**            **DEFENDANTS**

## ORDER

This matter is before the court on motion of the Defendants to compel responses to interrogatories and requests for production (#92). This is the second motion to compel filed in a two week period and is a result of plaintiff's insufficient discovery responses. The instant motion was filed on June 11, 2013, as urgent and necessitous given a discovery deadline of June 12, 2013. After considering the motion and oral argument, the court finds, pursuant to rulings made from the bench during the hearing held on June 12, 2013, the following[1]:

1. Dr. Wade's Interrogatory 2: Plaintiff must supplement Dr. Wade's request for admissions against interest to include the substance of the admission(s) within seventy-two hours of the June 12, 2013 hearing.

2. Dr. Wade's Interrogatory 11: Plaintiff has indicated that there will be no claims of this nature and therefore this request is moot by agreement of the parties at the hearing.

3. Dr. Wade's Interrogatories 12 and 13 shall be supplemented within 72 hours of the June 12, 2013 hearing.

4. Dr. Wade's Interrogatory 22: Based on representations made by plaintiff's counsel that there

---

[1]The following is intended to clarify, not supplant, rulings made from the bench.

are no additional documents, this request is deemed answered.

5. Dr. Wade's Interrogatory 24: The information related to plaintiff's first marriage must be supplemented within 72 hours of the June 12, 2013 hearing. Further, Plaintiff represents that the answer subpart (e) is none. The parties are instructed to work together to obtain the employment/wage information based on the assertion that an authorization for this information was previously provided to the defendants.

6. Dr. Wade's Request for Production 2: The cost of administration of the estate will be provded within 72 hours of the June 12, 2013 hearing.

7. Dr. Wade's Request for Production 4: Plaintiff's withdrawal of this element of damages renders this request moot by agreement of the parties at the hearing.

8. Dr. Wade's Requests for Production 5, 13, and 23: Shall be produced within 72 hours of the June 12, 2013 hearing.

9. Dr. Wade's Request for Production 15, 17, 18, and 24: The parties are instructed to work together to obtain the remaining information based on the representation that an authorization for this information was previously provided to the defendants.

10. Dr. Aust's Interrogatory 14: Shall be provided within 72 hours of the June 12, 2013 hearing.

11. Dr. Aust's Interrogatory 22: Based on representations made by plaintiff's counsel that there are no additional documents, this request is deemed answered.

12. Dr. Aust's Request for Production 1 and 4: Documents evidencing the cost of administration shall be produced within 72 hours of the June 12, 2013 hearing.

13. Dr. Aust's Requests for Production 3: Plaintiff's withdrawal of this damages element of his complaint renders this request moot by agreement fo the parties at the hearing.

14. Dr. Aust's Request for Production 17: Is withdrawn in as much as it was answered at the hearing ("There are none")

IT IS, THEREFORE, ORDERED that the plaintiff's motion to compel is granted in part and denied in part. Each party will bear its own cost; provided however, if plaintiff fails to comply with his remaining obligations pursuant to this order, the court will entertain a further motion for monetary sanctions.

**SO ORDERED** this 13th day of June 2013.

/s/Jane M. Virden
U.S. MAGISTRATE JUDGE