IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THERESA DEGRUY, Administratrix of
the Estate of Martha James, Deceased                                    PLAINTIFF

v.                                                   CIVIL ACTION NO.: 4:12-CV-025-SA-JMV

DR. TARENCE E. WADE;
and DR. DENNIS WAYNE AUST                                              DEFENDANTS

MEMORANDUM OPINION

Presently before the Court is Defendants' Motion to Dismiss [53] Degruy's supplemental state law claims. Defendants assert that because the Court has dismissed Plaintiff's federal claims arising under 28 U.S.C. § 1331, the Court should no longer exercise supplemental jurisdiction over Plaintiff's remaining state-law based causes of action. In response, Plaintiff argues simply that the current circumstances do not merit such action. For the reasons set forth below, the Court GRANTS the motion.

FACTUAL AND PROCEDURAL BACKGROUND

The current action was brought by Theresa DeGruy on behalf of the Estate of Martha James. As set out more fully in this Court's Memorandum Opinion [52] granting Defendants' first motion to dismiss, Plaintiff's claims arise out of allegedly deficient medical care rendered to James at Grenada Lake Medical Center. Specifically, DeGruy averred that Defendants were liable for violations of decedent's Fourteenth Amendment rights through application of 42 U.S.C. § 1983, as well as medical malpractice under state tort law. Although the Court has now dismissed Plaintiff's claims arising under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiff's claims for medical malpractice brought pursuant to Mississippi Code § 15-1-36

remain.  Defendants' initial motion to dismiss made no mention of Plaintiff's state-based medical malpractice claims.

Defendants instead waited until the Court had fully addressed the motion to dismiss Plaintiff's federal claims before seeking to have the Court decline jurisdiction over the remaining state-law based causes of action.  Defendants' subsequent motion argued that supplemental jurisdiction was improper, but did not rebut Plaintiff's initial averments regarding diversity jurisdiction. Therefore, this Court subsequently issued an Order for Supplemental Briefing [67]. Based upon Defendants' subsequent briefing, the Court is convinced that Plaintiff has failed to meet her burden to establish diversity jurisdiction under 28 U.S.C. § 1332, and indeed, Plaintiff failed to even respond to the Court's Order for additional briefing.[1]  Defendants presented the sworn affidavit of Wade, supporting that he is indeed a domiciliary of Mississippi and was so at the time of the filing of this suit.  The affidavit included representations regarding his residency, his intent to remain in Mississippi, voter registration, license registration, and the fact that he works in Mississippi. Thus, the Court now turns to the merits of whether supplemental jurisdiction under 28 U.S.C. § 1367 should be exercised.

## DISCUSSION AND ANALYSIS

Under 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  In determining whether the exercise of such jurisdiction is appropriate, the court is

---

[1] See Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974) (noting that the burden of pleading diverse citizenship weighs upon the plaintiff, and, when challenged, the plaintiff also bears the burden of proof).

2

guided by the preceding statutory factors as well as the common law factors of judicial economy, convenience, fairness, and comity.  Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008). According to the Fifth Circuit, although "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . this rule is neither mandatory nor absolute."  Brookshire Bros. Holding, Inc., v. Dayco Prod. Inc., 554 F.3d 595, 602 (5th Cir. 2009).

Notably, the court has consistently held that declining supplemental jurisdiction following a significant investment of judicial resources in the litigation constitutes an abuse of discretion.  Id. at 602.  In Brookshire, for instance, at the time the district court declined jurisdiction, the litigation in federal court had lasted more than three years, had generated more than 1,300 entries on the docket, and the district court already had decided forty-one dispositive motions, fourteen Daubert motions, and seven other motions in limine.  Id. at 598.  Additionally, discovery had concluded and the parties had begun preparation for trial.  Id.  In reviewing the district court's decline, the Fifth Circuit held, "[o]ur case law is clear that when a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation analogous to that invested by the district court in this case, that court has abused its discretion."  Id.  (citing Batiste v. Island Records Inc., 179 F.3d 217, 227 (5th Cir. 1999)).

On the other hand, in Parker & Parsley Petroleum Company, the district court erred by retaining jurisdiction after the plaintiff's federal claims had been dismissed.  Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587-90 (5th Cir. 1992).  There, the case had been pending approximately nine months, trial was several weeks away, discovery had not yet been completed, and there was no indication that the court was substantially familiar with the merits

of the case. Id. at 587. The court therefore held that the district court abused its discretion by retaining the case in the face of the general rule that supplemental jurisdiction should not be exercised following the dismissal of all federal claims. See id. at 590.

In the case at bar, Defendants contend that the Court should decline jurisdiction on the basis that Plaintiff's federal claims have been dismissed. This Court finds that the second and third factors of 28 U.S.C. § 1357(c) and the common law consideration of judicial comity strongly weigh in favor of declining jurisdiction. Additionally, the principles of judicial economy, convenience, and fairness do not weigh strongly enough in favor of retaining the case to diverge from the general rule that "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." Brookshire, 554 F.3d at 602.

First, although Plaintiff's claims may not raise novel or complex issues of state law, all of Plaintiff's federal claims have clearly been dismissed. Moreover, the litigation in the present case has not been nearly as involved or thorough as that presented in Brookshire. The present action has been pending for approximately a year and has thus far generated under 100 docket entries. Much of the action in this case took place after Defendants moved to dismiss the Plaintiff's supplemental claims. Although Defendants did not address the supplemental claims in their first motion to dismiss, they were extremely timely in filing their second motion after the Court dismissed Plaintiff's federal claims. Although discovery has now concluded, the dispositive motions deadline remains open and the merits of Plaintiff's state-law claims are not ripe for review. Finally, dismissal also strongly supports "the important interests of federalism and comity" by allowing a Mississippi court to determine issues of Mississippi law. Parker &

4

Parsley Petroleum, 972 F.2d at 588-89.  The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law based negligence claims.

CONCLUSION

Because Plaintiff's federal-law claims have been dismissed and the statutory and common law supplemental jurisdiction factors weigh in favor of declining jurisdiction, Defendants' Motion to Dismiss [53] is GRANTED.

SO ORDERED, this the 25th day of June, 2013.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**